## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SANDY ATHERTON as parent, next friend and guardian of AARON ATHERTON, an incapacitated and incompetent adult, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-11-1280-M |
| NORMAN PUBLIC SCHOOL DISTRICT, Independent School District No. I-29 of Cleveland County, Oklahoma, an Oklahoma public school district, and OFFICER, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is defendant Norman Public School District's Motion for More Definite

Statement, filed March 27, 2012.  On April 17, 2012, plaintiff filed her response, and on April 19,

2012, defendant Norman Public School District filed its reply.

Federal Rule of Civil Procedure 12(e) provides:

> A party may move for a more definite statement of a pleading to
> which a responsive pleading is allowed but which is so vague or
> ambiguous that the party cannot reasonably prepare a response.  The
> motion must be made before filing a responsive pleading and must
> point out the defects complained of and the details desired.  If the
> court orders a more definite statement and the order is not obeyed
> within 14 days after notice of the order or within the time the court
> sets, the court may strike the pleading or issue any other appropriate
> order.

Fed. R. Civ. P. 12(e).  Motions for a more definite statement are generally disfavored in light of the

liberal discovery available under the Federal Rules of Civil Procedure and are granted only when

a party is unable to determine the issues requiring a response.  *See Resolution Trust Corp. v.*

*Thomas*, 837 F. Supp. 354, 355 (D. Kan. 1993).  "A motion for more definite statement should not

be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the

claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or

admission."  *Advantage Homebuilding, LLC v. Assurance Co. of Am.*, No. Civ. A. 03-2426-KHV,

2004 WL 433914, at *1 (D. Kan. Mar. 5, 2004).  Further, when a complaint fails to plead all of the

elements of a cause of action, fails to plead any facts supporting the elements of a cause of action,

or states the claim in a vague or ambiguous manner, a court may order a plaintiff to file a more

definite statement, re-pleading her claim in accordance with Federal Rule of Civil Procedure 8.

Having carefully reviewed plaintiff's Complaint, the Court finds the Complaint is so vague

and ambiguous that defendant Norman Public School District cannot reasonably prepare a response.

Specifically, the Court finds that while the Complaint contains a number of factual allegations,

plaintiff does not plead any of the elements of the causes of action brought against defendant

Norman Public School District.  Under the heading "Causes of Action – Aaron Atherton," plaintiff

simply states:

> 18.     Plaintiffs assert based on the facts above assert t5he [sic]
> following:
> Assault and Battery, intentional infliction of emotional distress,
> outrage, breach of fiduciary duty, negligence, negligent training and
> supervision spoliation of evidence, civil conspiracy and violation of
> civil rights (under the 4th and 14th amendment).
>
> 19.     Plaintiff seeks damages naturally flowing from the defendants
> wrongful acts and omissions; as well as, attorney fees and costs.

Complaint at ¶¶ 18-19.  Additionally, the only time frame given for the incident at issue is "one

day."  *See* Complaint at ¶ 9.

Accordingly, the Court GRANTS defendant Norman Public School District's Motion for More Definite Statement [docket no. 10]. Plaintiff is hereby ORDERED to file an amended complaint that satisfies the following requirements: (1) plaintiff shall more specifically plead the date the incident giving rise to the instant action took place, and (2) plaintiff shall separately enumerate plaintiff's causes of action and shall specifically plead all of the elements of the causes of actions. Plaintiff shall file said amended complaint within fifteen (15) days of the date of this Order.

**IT IS SO ORDERED this 25th day of April, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE