**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

SANDY ATHERTON as parent, next )
friend and guardian of AARON )
ATHERTON, an incapacitated and )
incompetent adult, )
                                          )
                   Plaintiff, )
                                          )
vs. )    Case No. CIV-11-1280-M
                                          )
NORMAN PUBLIC SCHOOL )
DISTRICT, Independent School District )
No. I-29 of Cleveland County, Oklahoma, )
an Oklahoma public school district, )
                                          )
                 Defendant. )

**ORDER**

Before the Court is defendant's Motion to Dismiss, filed July 27, 2012. On August 16, 2012, plaintiff filed her response, and on August 23, 2012, defendant filed its reply.

I.    Introduction

This case arises from the actions of defendant's in-house security guard who was attempting to control the behavior of a special needs and autistic student, Aaron Atherton ("Aaron"), who, according to plaintiff, was using a cake spatula for a pretend sword. The in-house security guard allegedly pepper sprayed Aaron. Plaintiff alleges that Aaron suffered personal injuries as a result of being pepper sprayed.

In her First Amended Complaint, plaintiff alleges that this incident occurred on January 27, 2005. Plaintiff asserts six causes of action: (1) breach of fiduciary duty, (2) negligence, (3) assault and battery, (4) civil conspiracy, (5) spoilation of evidence, and (6) claims brought pursuant to 42 U.S.C. § 1983 for alleged violations of rights protected by the Fourth and Fourteenth Amendments, respectively. Defendant now moves this Court to dismiss all of the above causes of action.

II.     Discussion

    A.     Section 1983 Cause of Action

Defendant asserts that plaintiff has failed to properly plead a § 1983 cause of action. "[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). Under this standard,

> the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.

*Id.* (citing *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)) (emphasis in original). "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief. Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (internal quotations and citations omitted).

The United States Supreme Court has sought to find a middle ground between "heightened fact pleading," which is expressly rejected, and complaints that are not more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," which the Court stated "will not do." *Twombly*, 127 S. Ct. at 1965, 1974.

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible. The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

*Robbins*, 519 F.3d at 1247 (internal quotations and citation omitted). "[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context." *Id.* at 1248.

In her First Amended Complaint, plaintiff alleges that defendant is liable under § 1983 based upon its policy and custom of not properly training school police personnel on the proper use of restraint of special needs students. *See* First Amended Complaint at ¶¶ 16, 17, 40-45.

> A municipality may not be held liable under § 1983 solely because its employees inflicted injury on the plaintiff. Rather, to establish municipal liability, a plaintiff must show 1) the existence of a municipal policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged.

*Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993) (citation omitted). A municipal policy or custom may take the form of "the failure to adequately train or supervise employees, so long as that failure results from 'deliberate indifference' to the injuries that may be caused." *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010) (internal quotations and citation omitted).

> The deliberate indifference standard may be satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm. In most instances, notice can be established by proving the existence of a pattern of tortious conduct. In a narrow range of circumstances, however, deliberate indifference may be found absent a pattern of unconstitutional behavior if a violation of federal rights is a highly predictable or plainly obvious consequence of a municipality's action or inaction, such as when a municipality fails to train an employee in specific skills needed to handle recurring situations, thus presenting an obvious potential for constitutional violations.

*Barney v. Pulsipher*, 143 F.3d 1299, 1307-08 (10th Cir. 1988) (internal quotations and citations omitted).

Having carefully reviewed plaintiff's First Amended Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that plaintiff has set forth sufficient factual allegations, albeit barely, to properly plead a § 1983 cause of action. Accordingly, the Court finds that plaintiff's § 1983 cause of action should not be dismissed.

Defendant also asserts that the portion of plaintiff's § 1983 claim based upon a violation of the Fourth Amendment fails as a matter of law. "[T]he Fourth Amendment protects against unreasonable searches and seizures." *Porro v. Barnes*, 624 F.3d 1322, 1325 (10th Cir. 2010) (internal quotations omitted). It is undisputed there was no search involved in this case. Further, in her response, plaintiff states that the pepper spraying "was not used to secure him" but was used as "punishment." Plaintiff's Objection and Response to Defendant's Motion to Dismiss and Brief in Support [docket no. 28] at 5. Because the actions involved in the incident at issue do not involve searches or seizures, the Court finds that, as a matter of law, there can be no violation of the Fourth Amendment. Accordingly, the Court finds that the portion of plaintiff's § 1983 claim based upon a violation of the Fourth Amendment should be dismissed.

B.   State Law Causes of Action

Defendant contends that plaintiff's state law causes of action should be dismissed because plaintiff has failed to comply with the Oklahoma Governmental Tort Claims Act ("OGTCA"), Okla. Stat. tit. 51, § 151, *et seq.* Specifically, defendant contends that plaintiff did not submit a timely notice of tort claim. In her response, plaintiff asserts that based upon Okla. Stat. tit. 12, § 96, Aaron's legal incapacity tolls the time limitations contained in the OGTCA.

The OGTCA provides, in pertinent part:

> A. Any person having a claim against the state or a political subdivision within the scope of Section 151 et seq. of this title shall present a claim to the state or political subdivision for any appropriate relief including the award of money damages.
>
> B. Except as provided in subsection H of this section, and not withstanding any other provision of law, claims against the state or a political subdivision are to be presented within one (1) year of the date the loss occurs. A claim against the state or a political subdivision shall be forever barred unless notice thereof is presented within one (1) year after the loss occurs.

Okla. Stat. tit. 51, § 156(A),(B). Additionally,

> [t]he time for giving written notice of claim pursuant to the provisions of this section does not include the time during which the person injured is unable due to incapacitation from the injury to give such notice, not exceeding ninety (90) days of incapacity.

Okla. Stat. tit. 51, § 156(E).

It is undisputed that the alleged actions of defendant giving rise to this lawsuit occurred on January 27, 2005. It is also undisputed that plaintiff did not submit a Notice of Tort Claim until April 18, 2011, over six years after the loss occurred. Accordingly, based upon the express provisions of the OGTCA, plaintiff's state law causes of action would be barred unless Okla. Stat. tit. 12, § 96 tolls the OGTCA's time limitations.

Section 96 provides, in pertinent part:

> If a person entitled to bring an action other than for the recovery of real property, except for a penalty or forfeiture, be, at the time the cause of action accrued, under any legal disability, every such person shall be entitled to bring such action within one (1) year after such disability shall be removed, . . . .

Okla. Stat. tit. 12, § 96. In *Johns v. Wynnewood Sch. Bd. of Educ.*, 656 P.2d 248, 250 (Okla. 1982), the Oklahoma Supreme Court held that "[t]he time limitations contained in the Oklahoma Political Subdivision Tort Claims Act, 51 Okla.Stat. (1978 Supp.) (now 1981) § 156, control as to a cause

5

of action accrued to a minor, notwithstanding the provisions of 12 O.S.1981 § 96." In making its determination, the Court reasoned as follows:

> In view of the fact the [OGTCA] specifically deals with incapacity arising from physical results of the injury and does not speak to incapacity resulting from minority, it is proper to apply the language of the statute to all incapacities not specifically excepted in view of the clear language of the statute's (§ 156) unqualified statement that no action may be maintained unless notice is filed within 120 days, and action commenced within six months. . . . The exception from the limitation provisions for persons under incapacities is spoken to in § 156 and no mention is made of exceptions for minors. This Court finds no basis for implying that exception in the face of legislative silence in the area in view of the fact that 51 O.S.1981 § 170 states: "This Act is exclusive and exceeds all home rule charter provisions *and special laws on the same subject* heretofore, and all acts or parts of acts in conflict herewith are repealed."

*Id.* (emphasis in original).

The Court finds the Oklahoma Supreme Court's reasoning in *Johns* applies equally to Aaron's legal disability based upon the autism and deafness he suffers. Accordingly, based upon *Johns*, the Court finds that § 96 does not toll the OGTCA's time limitations and plaintiff's state law causes of action are, therefore, barred and should be dismissed.

III.   Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART defendant's Motion to Dismiss [docket no. 27] as follows:

    (A)    The Court GRANTS the motion to dismiss as to plaintiff's state law causes of action and as to that portion of plaintiff's § 1983 claim based upon a violation of the Fourth Amendment, and

      (B)      The Court DENIES the motion to dismiss as to that portion of plaintiff's § 1983 claim based upon a violation of the Fourteenth Amendment.

**IT IS SO ORDERED this 15th day of November, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE